## SAMUEL W. BROWN *vs.* DANIEL THISSELL.

A right of way, appurtenant to land, passes by a deed of the land without express mention of such right or of privileges and appurtenances.

A., the owner of several contiguous tracts of land, conveyed some of them to B., by a deed containing this clause: "I hereby reserve liberty for myself, and my heirs and assigns, to pass and repass through any of the aforesaid tracts of land, to my own land; and the like liberty is hereby given to the said B., his heirs and assigns, to pass and repass through my land." A. afterwards conveyed his other lands to C., by a deed granting him a right of way over B.'s land; and in this deed was this clause: "Reserving to B., his heirs or assigns, liberty to pass

and repass through the said premises, in the manner heretofore granted to him and them, by a deed from me." B. afterwards conveyed to D. the lands which A. conveyed to B., without mentioning ways, privileges, or appurtenances, and added these words:— "I reserve the same privileges of passing and repassing that I have in my deed" from A.: D. afterwards conveyed to E. a part of the land which B. conveyed to D., and in his deed to E. inserted these words:— "Reserving the same privileges of passing and repassing through said land as was reserved when deeded from B. to myself." Another part of the land which B. conveyed to D. came into the possession of F. by mesne conveyances, and F. conveyed it to G. subject to a right of way over it in those to whom such right had theretofore been reserved. It was held, that a right of way passed by virtue of B.'s deed to D., and D.'s deed to E., and that E. had a right of way over G.'s land, notwithstanding the *words of reservation* that were inserted in those two deeds.

This was an action upon the case for obstructing a way. The trial was before *Metcalf*, J., and a verdict was returned for the plaintiff, subject to the opinion of the full court. That opinion exhibits the whole case.

*A. R. Brown*, for the defendant.

*T. Wentworth*, for the plaintiff.

Metcalf, J. Ephraim Parker, on the 8th of January, 1795, conveyed several tracts of land in Dracut to John Parker, by a deed in which was the following clause of reservation and grant:— "I do hereby reserve liberty, for myself and my heirs and assigns, to pass and repass, with cattle, teams, &c., through any of the aforementioned tracts of land, to my own land, as occasion shall require, with shutting gates or bars; and the like liberty is hereby granted to the said John Parker, his heirs or assigns, to pass and repass through my land, with cattle, teams, &c., to any of the aforegranted premises, with shutting gates and bars."

On the 18th of June, 1803, the said Ephraim Parker conveyed all his other lands in Dracut, with his dwelling-house, to Ephraim Parker, Jr., with " liberty to pass and repass, with teams and otherwise, as occasion may require, through John Parker's land, southward of the town road, near my house, to my wood-lot and other lands adjoining, in like manner, in such places as will be convenient to pass on, and least detrimental to the said John's land; he and they putting up bars and shutting gates, as they pass. Reserving to John Parker

his heirs and assigns, liberty · to pass and repass through the said premises, in the manner heretofore granted to him and them, by a deed from me."

John Parker, on the 2d of July, 1833, conveyed the lands, which had been conveyed to him by Ephraim Parker, as above, to Perley Parker, without mentioning ways, privileges, or appurtenances, and added these words : — " I reserve the same privileges of passing and repassing that I have in my deed."

On the 9th of September, 1846, Perley Parker conveyed to the plaintiff a part of the land that was conveyed to him (Perley,) as above, by John Parker, " reserving the same privileges of passing and repassing through said land, as was reserved when deeded from John Parker to myself."

These were the deeds on which the plaintiff relied, in support of his alleged right of way over the defendant's land.

The defendant put into the case a deed of about one fourth of an acre of land, made to him by Israel Hildreth, on the 12th of November, 1832 ; said Hildreth " reserving the privilege of passing and repassing by the east path, on the west side of said premises, by closing gates and bars, to those persons to whom said privilege has been heretofore reserved."

It was admitted at the trial, that the defendant's land, through which the plaintiff claimed a right of way, and the plaintiff's land, to and from which he claimed a right to pass and repass through the defendant's land, were both owned by Ephraim Parker in 1795, and had, ever since Ephraim's conveyance to John Parker, been owned by different persons. But it did not appear at what time the defendant's land was severed from the other land, which was retained by Ephraim Parker when he made his conveyance to John Parker. -

There was evidence that, for about fifty years last past, a way had existed, running from the highway on which the lands conveyed by Ephraim Parker to John Parker, in 1795, and the lands then retained by Ephraim Parker, were all bounded ; that this way ran first over the westerly side of the defendant's land, then over other land which was retained by Ephraim Parker, in 1795, and then over the plaintiff's land ;

that this way had been used by Ephraim Parker and John Parker, and by the subsequent owners of the lands through which it extended. And there was no evidence of any obstruction of the way until the year 1847, when the defendant, as he admitted, placed a fence across it, for the purpose of preventing the plaintiff from passing over it.

The defendant contended, that no right of way passed to Perley Parker by John Parker's deed to him, nor to the plaintiff by Perley Parker's deed to him, and that the plaintiff had no cause of action. for the obstruction. The ruling was against the defendant's views ; whereupon a verdict was returned for the plaintiff. And the question now is, whether that ruling was right or wrong.

It is clear from the foregoing deeds, which were used at the trial, that Ephraim Parker, when he conveyed part of his lands to John Parker, gave to John and his assigns a right of way over the lands which were not conveyed to him, and that he also reserved to himself and his assigns a right of way over the lands which he conveyed to John. So when he conveyed his remaining lands to Ephraim, Jr., he expressly conveyed a right of way thereto, over John's land, and reserved a right of way for John and his assigns, over the lands conveyed to Ephraim, Jr. John, therefore, when he conveyed to Perley Parker, had a right of way appurtenant to the land which he conveyed. And though, in his deed to Perley, he made no mention of the right of way, nor of any privileges or appurtenances, yet the right of way, which he acquired from Ephraim Parker, passed to Perley, his grantee. And by Perley's deed to the plaintiff, the right of way which he acquired from John passed to the plaintiff, without mention thereof or of appurtenances. It is well settled, that a right of way, or other easement, appurtenant to land, will pass by a grant of the land, without any mention being made of the easement or the appurtenances. *Kent* v. *Waite*, 10 Pick. 138 ; *Underwood* v. *Carney*, 1 Cush. 285 ; 4 Kent Com. (6th ed.) 467.

But it has been suggested by the defendant's counsel, that the rule of law, which was recognized and applied in *Kent* v. *Waite*, cannot be applied to the deed made to Perley Parker

22 *

by John Parker, nor to the deed of Perley Parker to the plain-tiff, because, in both deeds, the grantors, (in the language of the counsel,) " instead of granting an easement, reserve the same to themselves."

What then are the meaning and effect of the words, in John's deed to Perley, viz. : — " I reserve the same privileges of passing and repassing that I have in my deed," and the similar words in Perley's deed to the plaintiff? The meaning of these words in John's deed to Perley, we do not under-stand. If they were intended to operate as a reservation of a right of way to himself, they would fail of such effect; be-cause, after conveying the land through which others had a right of way, and from and to which he had a right of way through others' lands, nothing remained in him, to which a right of way for himself could attach or be annexed. The several rights of way, as established by Ephraim Parker's deeds, were only for the several owners of the lands, their heirs, and assigns.

The words in Perley Parker's deed to the plaintiff, viz, " reserving the same privileges of passing and repassing through said land, as was reserved when deeded from John Parker to myself," would be as unintelligible as the like words in John Parker's deed to him, if it were not for a clause in the former deed, in which Perley covenanted that the granted premises were " free from all incumbrances, except the privi-leges of passing and repassing, as above referred to." From this clause we may infer that the plaintiff's grantor meant, by the previous words " reserving," &c., to convey his land sub-ject to an existing right of way ; although those words, legally construed, would have no such meaning. Perhaps this may also have been John's meaning. However this may be, we are of opinion that neither John Parker's nor Perley Parker's deed has in any way impaired or affected the original right of way over the land thereby conveyed, and that the grantee of each took his land, with the right of way appurtenant thereto, and subject to the others' right of way over it.

*Judgment on the verdict.*