## PHILA. & R. R. CO. v. T. S. BECK.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILADEL-
PHIA COUNTY.

Argued April 10, 1889—Decided April 22, 1889.

When a railroad company, in disregard of a shipper's instructions and of its undertaking, forwards merchandise by steamer instead of by rail, and the merchandise is lost by fire on the steamer, the carrier is responsible for the loss in an action on the contract, the question of proximate cause as in an action for negligence being immaterial.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOL-
LUM and MITCHELL, JJ.

No. 246 January Term 1889, Sup. Ct.; court below, No. 877 December Term 1887, C. P. No. 1.

On January 18, 1888, T. S. Beck brought an action against the Philadelphia & Reading Railroad Co. The writ issued was in assumpsit and on February 1, 1888, the plaintiff filed the following statement of claim, verified by affidavit:

"T. S. Beck, the plaintiff, seeks to recover in this action against the Philadelphia & Reading Railroad Company the sum of $900, with interest to day of trial.

"The plaintiff's claim arises in the following manner, to wit: On, to wit, September 22, 1887, the said plaintiff delivered to the said defendant at its station at Akron, Pa., five cases of cigars, valued at $900, consigned to the firm of Benhayon & Gonzales, St. Augustine, Fla., each case being plainly marked · 'Benhayon & Gonzales, St. Augustine, Fla., via of Philadelphia; care of Atlantic Coast Line, by fast freight.' The said defendant received the said five cases of cigars and carried them as far as Philadelphia, Pa., where the said defendant,

disregarding the directions and instructions, delivered the said five cases of cigars to the Ocean Steamship Company, of Savannah, Ga., instead of the said Atlantic Coast Line. That in consequence of the carelessness, negligence, and improper conduct of the defendant in that behalf, the goods have never been delivered to the said consignees, Benhayon & Gonzales, and have been lost or destroyed."

The defendant pleaded not guilty.

At the trial on October 8, 1888, the following facts were admitted by the defendant without formal proof:

That the defendant duly transported the cigars in suit from Akron, Pa., to Philadelphia, and delivered the same to the Ocean Steamship Company of Savannah, on September 23, 1887, for transportation to the firm of Benhayon & Gonzales, of St. Augustine, Fla.; that the said cigars were forwarded by said Ocean Steamship Company of Savannah, on the steamer Dessoug, which sailed from Philadelphia on September 28, 1887; that during the passage to Savannah fire broke out in the cargo, whereby the cigars were damaged, and sent by the Ocean Steamship Company to auction in Savannah, and sold for the account of whom it may concern; that the said cigars were never received by the consignees, the said Benhayon & Gonzales.

The defendant company denied that any such shipping directions as averred by the plaintiff were given, and a large amount of testimony upon both sides was directed to this question.

The court, ALLISON, P. J., after reviewing the testimony charged the jury as follows:

I have been asked to charge you upon several points submitted by counsel for defendant, as follows:

1. The evidence shows that the contract of the defendant was to transport the goods in question to the end of its route only, and there deliver them to another company or agent for the completion of their transportation to St. Augustine, Fla. That the goods were duly transported to Philadelphia and delivered to the Ocean Steamship Company, on September 23, 1887, for transportation to the consignees at St. Augustine, Fla. The said Ocean Steamship Company forwarded the same by a

steamer sailing from Philadelphia on September 28, 1887, and the goods were damaged by a fire breaking out in the cargo of the steamer while upon her voyage. By the contract of the defendant, it was not responsible for the negligence of or non-performance of transportation of the Ocean Steamship Company.

Answer: "The evidence shows that the contract of the defendant was to transport the goods in question to the end of its route only, and then deliver them to another company or agent for the completion of their transportation to St. Augustine, Fla. That the goods were duly transported to Philadelphia and delivered to the Ocean Steamship Company on September 23, 1887, for transportation to the consignees at St. Augustine, Fla." About that there is no dispute. The goods were duly transported to Philadelphia and delivered to the Ocean Steamship Company on September 23, 1887, for transportation to Benhayon & Gonzales, St. Augustine, Fla. As to that statement there is no dispute. That is followed, however, by this: "The said Ocean Steamship Company forwarded the same by a steamer sailing from Philadelphia on September 28, 1887." I do not know that there is any evidence as to the date that the defendant did forward them, and by a steamer sailing on September 28, 1887. "That the goods were damaged by a fire breaking out in the cargo of the steamer while upon her voyage." That the goods were damaged and lost by fire is an undisputed fact.

This is the important part: "By the contract of the defendant it was not responsible for the negligence of or non-performance of transportation by the Ocean Steamship Company." I answer that this would be affirmed if the jury find that the defendant did not agree to send these goods by the Atlantic Coast Line, either by special written contract, or by directions marked upon the boxes, as testified to by the plaintiff and by Mr. Snavely. If the directions were to send them in any other way, the company would not be exonerated if it broke its contract or sent them by the Ocean Steamship Company, instead of by the way in which they were directed. I instruct the jury to find as a question of fact, as to that point, as to what the obligation of the steamship company and the company defendant is.[1]

\* \* \* \* \* \* \* \*

Arguments.

4. Even if the jury should believe that, at the time of the shipment of the goods, the original invoice delivered therewith did contain the words " Via Atlantic Coast Line, by fast freight," the evidence shows that the proximate cause of the loss of the goods was a fire which took place on the steamer Dessoug, while the goods were in transit by the Ocean Steamship Company between Philadelphia and Savannah. The failure of the defendant to forward the goods by the Atlantic Coast Line was not the proximate cause of the loss, and the plaintiff cannot, therefore, recover from this defendant.

Answer: I decline to affirm that proposition as applicable to this case. I do not think this is a question to be determined by the principle which is sought to be invoked in the point which has been raised, that is, the fourth point. This is a question of a contract between the plaintiff and the defendant, and if the defendant broke its contract, and loss resulted from the failure, it was not a case of negligence, whether the injury resulted from a proximate or any remote cause connected with the loss of these goods. The question is as to whether there was such a contract as I have referred to, where the defendant undertook to dispatch them in a particular way, whether it kept that contract or whether it broke it; and if the jury believe that the defendant broke its contract, and that the loss resulted to the plaintiff, the plaintiff would be entitled to recover his loss as against the defendant.[3]

5. The verdict of the jury should be for the defendant.

Answer: The fifth, of course, I decline.

The jury returned a verdict for the plaintiff for $954. A rule for a new trial having been discharged, judgment was entered upon the verdict, when the defendant took this writ assigning as error:

1, 3. The answers to the defendant's points.[1] [3]

*Mr. Thomas Hart, Jr.,* for the plaintiff in error:

1. It is submitted that whichever way the case be looked at, whether as an action for breach of contract, or for negligent conduct, the charge upon the subject of the defendant's liability for the loss of the goods was erroneous. The fact that there was a direction to ship by a certain connecting route did

not make the defendant liable for a loss by fire on the route of a different carrier. The fire was an intervening cause with which the defendant had nothing to do, and a loss by such a fire cannot be contended to have been the natural consequence of the delivery of the goods to the steamship company : Lancaster City v. Kissinger, 1 Penny. 250 ; West Mahanoy Tp. v. Watson, 116 Pa. 344 ; South Side Pass. Ry. Co. v. Trich, 117 Pa. 390 ; Chartiers Tp. v. Phillips, 122 Pa. 601.

2. And if the case be looked at as a loss arising from a breach of a contract, it does not follow that the defendant is liable for every loss following the act. The rule in an action ex contractu is, that the defendant is liable for such damages as may be fairly supposed to have entered into the contemplation of the party, or such as might, according to the ordinary course of things, be expected to follow a violation of the agreement : Jones v. Gilmore, 91 Pa. 312 ; Morrison v. Davis, 20 Pa. 171 ; Billmeyer v. Wagner, 91 Pa. 92 ; Hadley v. Baxendale, 26 Eng. L. & E. 398 ; s. c. 9 Exch. 341 ; Sedgwick on Damages, 76 ; 3 Add. on Cont., Amer. Law S., 1105*. A loss by fire is certainly not a peculiar danger of the seas. It may just as well occur in the case of a railroad train.

*Mr. William C. Gross* (with him *Mr. Thos. F. Gross*), for defendant in error :

1. If counsel for defendant tried this case upon the theory that it was founded upon a tort, he at no time made such intimation to the court. This is evident from the answer made to his fourth point, and that answer which is the principal assignment of error, it is submitted was strictly correct. Even where the carrier receives no special instructions, he is obliged to carry the goods by the route usually taken by him ; and it has been held that when a carrier deviates from his usual route, and loss occurs in consequence, the carrier is liable whether the loss be attributable to the act of God or not : Empire Transp. Co. v. Wallace, 68 Pa. 302 ; Hand v. Baynes, 4 Wh. 204 ; 2 Am. & E. Enc. of Law, 850.

2. The principle of proximate or remote cause cannot be invoked in this case. When special instructions are given, the rule is that if the carrier attempts to perform his contract in a manner different from his undertaking, he becomes an insurer

for the absolute delivery of the goods, and cannot avail himself of any exceptions made in his behalf in the contract: Lawson on Carriers, § 139; Dunsieth v. Wade, 3 Ill. 285; 2 Am. & E. Enc. of Law, 867; Maghee v. Railroad Co., 45 N. Y. 514 (6 Am. Rep. 124); Johnson v. Railroad Co., 33 N. Y. 610 (88 Am. Dec. 416); Graff v. Bloomer, 9 Pa. 114; Clarke v. Needles, 25 Pa. 339; Redf. on Carriers, § 34; Mich. etc. R. Co. v. Day, 20 Ill. 376; Lake Shore etc. Ry. Co. v. Hodapp, 83 Pa. 22; Penn. R. Co. v. Stern, 119 Pa. 24; Ludwig v. Meyre, 5 W. & S. 435; Hemphill v. Chenie, 6 W. & S. 67; Shenk v. Propeller Co., 60 Pa. 109.

PER CURIAM:

We do not think the question of proximate cause has anything to do with this case. It was not a suit to recover damages for the negligence of the defendant company, but for its breach of contract in not forwarding the cigars according to instructions. The plaintiff lived at Akron, in the county of Lancaster, Pa., and he shipped over defendant's road five cases of cigars to Benhayon & Gonzales, St. Augustine, Florida. Each case was marked " via Philadelphia, care of Atlantic Coast Line, by fast freight." When the cars reached Philadelphia, the defendant company, instead of shipping them as directed by rail, delivered the said five cases to the " Ocean Steamship Company " of Savannah, and sent them by sea. They were destroyed by fire en route.

The statement filed by the plaintiff gives some color to the allegation that the suit was for negligence. It avers that " in consequence of the carelessness, negligence and improper conduct of the defendant in that behalf, the goods have never been delivered to the said consignees," etc. It is sometimes difficult, in the present free and easy mode of pleading, to ascertain accurately what is the precise cause of action. We are inclined to the opinion, however, that it was for breach of the contract to forward the cigars as directed. If the defendant company, for reasons of its own, saw fit to disregard instructions, and forward the cigars by steamer instead of by rail, and a loss resulted, it is too plain for argument the defendant would be responsible for such loss. It is begging the question to say that if the cigars had been shipped by rail as directed,

a loss might have occurred. In such case the defendant would have incurred no responsibility.

This question is distinctly raised by the answer of the court below to the defendant's fourth point: see third assignment. As this was the only assignment pressed upon the argument it is sufficient to say that we are entirely satisfied with the answer of the learned judge below to the point.

Judgment affirmed.