Hayes *et al. v.* West *et al.*

——————●——————

## HAYES ET AL. *v.* WEST ET AL.

WILL.—*Declarations of Testator.*—*Mental Capacity.*—The declarations of a testator, made at any other time than when engaged in the execution of his will, are not to be considered by a jury, except on the question of mental capacity to make the will.

SAME.—*Subscribing Witnesses.*—*Evidence.*—If a competent subscribing witness to a will knows that he and another competent witness or other competent witnesses subscribed the instrument in the presence of the testator and at his request, the attestation is sufficiently proved.

APPEAL from the Dearborn Common Pleas.

WORDEN, C. J.—This was an action by the appellees against the appellants, to contest the validity of the supposed last will and testament of Walter Hayes, deceased.

The will in question bears date March 9th, 1866, and purports to have been duly signed by the testator, and to have been attested by Henry Brachman, John P. Massard, and Carter Gazley. Before the commencement of this action, the will had been duly proved, and the executors named therein had taken upon themselves the duties of the trust. The objections to the will are stated in the following terms, viz.: "And the plaintiffs further aver and charge that said alleged will is not the valid last will and testament of said Walter Hayes, for the reason that the same was unduly executed, and for the reason that if said Walter Hayes made said will, he was induced to execute said will by the undue and improper influence used and exercised over him by the said Dewitt C. Fitch, Leah Fitch, James C. Hayes, named as contestees, and by one James C. Martin, who is a son-in-law of

the said James C. Hayes, and who was acting in the interest of his said father-in-law; and, also, further, for the reason that said Walter Hayes was, at the time of the alleged execution of said pretended will, of unsound mind; therefore," etc.

Issue, trial by jury, verdict, and judgment for the plaintiffs below, a motion for a new trial being overruled and exception taken.

The jury returned a general verdict for the plaintiffs, and also the answers appended to the following interrogatories.

First. "Did Walter Hayes sign the instrument purporting to be his last will, or acknowledge his signature thereto, as his last will and testament, in the presence of John P. Massard, Henry Brachman, and Carter Gazley, or any two of them?" Answer. "No."

Second. "Did John P. Massard, Henry Brachman, and Carter Gazley, or any two of them, attest and subscribe the said instrument purporting to be the last will of Walter Hayes, at his request?" Answer. "No."

Third. "Was the said John P. Massard, Henry Brachman, and Carter Gazley, or any two of them, competent witnesses at the time of the alleged execution of said instrument?" Answer. "Yes."

Fourth. "Was said Walter Hayes induced to execute said will by undue and improper influence used and exercised by any person or persons?" Answer. "Yes."

Fifth. "Was Walter Hayes, at the time of the execution of said instrument, purporting to be his last will and testament, of sound mind?" Answer. "Yes."

First. "Did Walter Hayes sign the instrument purporting to be his last will, the validity of which is being contested in this suit?" Answer. "Yes."

Second. "Did Henry Brachman, John P. Massard, and Carter Gazley, or any two of them, who purport to be witnesses to said will, attest and subscribe the same as witnesses, in the presence of said Walter Hayes?" Answer. "No."

Third. "Were the said Henry Brachman, John P. Massard,

and Carter Gazley, or any two of them, competent witnesses to such will?"   Answer.   "Yes."

Fourth.  "Was the said Walter Hayes induced to execute said will by undue and improper influences used and exercised over him by any person or persons, and if so, by whom?"   Answer to first question.  "Yes."   Answer to last. "George W. Pye and D. C. Fitch."

Fifth.   "What legacies or devises was said Walter Hayes induced to make by undue and improper influence used and exercised over him by such person or persons?"   Answer. "None."

Sixth.   "Was the said Walter Hayes, at the time of the execution of such will, of sound mind?"   Answer.  "Yes."

By these several answers to interrogatories it is established:

First.  That the signature of the testator to the supposed will is genuine.

Second. That the testator was of sound mind at the time of the supposed execution of the will.

Third. That the witnesses whose names are appended to the will as such were competent.

Fourth.   That no legacy or devise was induced by any undue or improper influence.

The general verdict, then, if it can stand, must rest upon the ground, either that although no particular bequest or devise was induced by undue influence, yet the whole will was procured to be made by such influence; or that the will was not formally executed, including the attestation, in the manner prescribed by law.

The evidence in the cause is before us, in which we find nothing that seems to us to justify setting aside the entire will as having been procured by undue influence.   In respect to this point we also think the court below erred in one of the charges given to the jury, and in refusing one of the charges asked by the defendants.   Evidence was given of several statements made by the testator to third persons, in which he expressed himself as being entirely satisfied with

the laws of descent and distribution, and indicated an inten-
tion not to make any will. These statements were not made,
of course, at the time of the execution of the will, and were,
therefore, no part of the *res gestæ.*

The defendants asked the court to charge as follows:

"The declarations or statements of a testator made at
any other time than ·at the time when he is engaged in the
execution of the instrument claimed to be his will, cannot be
considered by the jury in determining the question of the
execution of the will, but such declarations or statements
were permitted to go to the jury for the purpose of enabling
them to determine his mental capacity, and not for the pur-
pose of proving or disproving its execution."

This charge was refused, but the court gave the follow-
ing: "The declaration of Walter Hayes, made before or after
the execution of the will, will not be considered by you in
connection with the execution of the will, for it does not
tend to prove or disprove the execution thereof. These
declarations are only evidence tending to prove the proposi-
tions of insanity and undue influence in connection with
other facts and circumstances bearing upon these proposi-
tions."

It will be seen that by the charge asked and refused the
defendants sought to limit the evidence of the declarations of
the testator to the consideration of the question of his men-
tal capacity; while the charge given left the evidence to be
considered by the jury in determining "the propositions of
insanity and undue influence." Herein lies the error. We
are of opinion that the mere declarations of a testator, not
made contemporaneously with the execution of a will, are not
admissible for the purpose of showing that the will was pro-
cured by undue influence. There are cases that hold the
other way, but, as we think, both principle and the weight
of authority exclude the mere declarations of a testator for
such purpose. We quote the following passage from 1 Redf.
Wills, 546:

"And although some of the American cases incline to

Hayes *et al. v.* West *et al.*

hold that the declarations of the testator are admissible to prove the fact of fraud, or undue influence having been exercised in the procurement of the will, we think the rule of law is clearly against the admission of any such testimony for that purpose. The point has been so ruled in a considerable number of well-considered cases, and the principles of evidence are so clearly in favor of the rejection of the testator's naked declarations upon that point, that we cannot believe any such rule will ever be permanently acted upon." See, further, the text and cases cited on pp. 545–6–7.

The statements imputed to the testator were, in substance, that he was satisfied with the disposition which the law would make of his property after his decease, and, putting it in as strong terms as the testimony will warrant, that he should not make any will.

The making of a will, after the making of such statements, certainly indicates a change of mind on the part of the testator. But does such change of mind carry with it any inference whatever that the change has been effected by undue influence? We think not. One of the characteristics of the human mind is changeability. Without change, little progress would be made in civilization, and little elevation attained in the scale of human life. Men's minds and purposes change from observation, reflection, investigation, and a great variety of assignable and unassignable causes; and this, too, without the controlling influence of any master mind. A man at one time concludes that he will make no will, but let his estate descend according to the law in the absence of a will; he subsequently changes his mind and makes a will; can it be said that such change of mind, either alone or in connection with other evidence, is competent to prove that the change was effected, or the execution of the will procured, by undue influence? If it is competent to be considered for that purpose, it is because the court can say, as a matter of law, that it has a tendency to establish the fact of undue influence. This the court cannot say. We

are of opinion that the charge asked should have been given, and the charge given withheld.

The only remaining question in the cause is whether the evidence established the formal execution of the will, including the attestation thereof, as required by law.

The three attesting witnesses were examined, each of whom testified to the acknowledgment by the testator of the execution of the will by him, and that they signed it as witnesses at his request, and in his presence. They abundantly prove the due formal execution of the will. But it is insisted by counsel for the appellees, that two of the subscribing witnesses were successfully impeached, and that the jury were, therefore, justified in disregarding their evidence. We express no opinion as to the effect of the evidence claimed to have been impeaching. The situation of the case renders it unnecessary that we should do so. One of the attesting witnesses is not claimed to have been in any manner impeached, and his testimony alone, in our opinion, establishes the due execution of the will, and he is strongly corroborated by another witness, who, though he was not present when the will was executed, was present with the draftsman and the testator a short time before the execution, when the provisions of the will were discussed, and he was asked to sign the will as a witness, but going out, he did not return in time.

But it is insisted that the testimony of one witness is not sufficient to prove the execution of the will, inasmuch as the statute requires two or more to attest it. The statute requires a will to be attested and subscribed in the presence of the testator by two or more competent witnesses, but it does not require that the witnesses shall subscribe in the presence of each other. 2 G. & H. 555, sec. 18.

If one witness, however, knows that he and the other witness or witnesses subscribed the will, as such, in the presence of the testator, and at his request, there seems to us to be no legal necessity for calling any more. One witness is suf-

ficient to establish a will when offered for probate. 2 G. & H. 557, sec. 27.

This leaves no ground on which the general verdict can stand. However reluctant we may be to disturb the verdict of a jury merely on the evidence, cases sometimes occur which call upon the courts to discharge that duty. This is one of the cases. The court below erred in overruling the motion for a new trial.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*J. E. McDonald, J. M. Butler, E. M. McDonald, J. Schwartz, N. S. Givan,* and *P. L. Spooner,* for appellants.

*D. S. Major, J. D. Haynes, F. Adkinson,* and *W. S. Holman,* for appellees.