Filed Feb. 21, 1890.

---

No. 15,170.

## CONWAY v. VIZZARD ET AL.

WILL.—*Contest of.*—*Insanity.*—*Instruction.*—*Statements of Testator.*—Where the jury are instructed that statements of the testator prior to the making of the will in reference to his intended disposition of his property might be considered by them, and that if his stated intention of disposing of his property corresponded substantially with the disposition made, it was an important fact to be considered in determining the validity of the will, such instruction is a correct exposition of the law as applied to the issue of unsoundness of mind.

SAME.—*Issues of Insanity and Undue Influence.*—*Instruction.*—Where such instruction is found in a series of instructions upon the subject of unsoundness of mind, and in an instruction preceding and in another following it the law on that subject is correctly stated, it is not objectionable as tending to lead the jury to the conclusion that the rule announced is applicable, also, to the issue of undue influence.

Conway *v.* Vizzard *et al.*

SAME.— *Unnatural Provisions of Will.—Bearing of upon Questions of Insanity.*—
Where the jury is instructed that unnatural provisions in a will may
be considered in connection with other evidence as bearing on the ques-
tion of the insanity of the testator, it is not error to instruct the jury
that the fact alone that the testator gave more to his nieces and nephews
than to his sisters, and disinherited an old and indigent sister in part,
does not furnish any evidence of insanity.

SAME.—*Instruction.—Insanity.— Fraud.—Duress and Undue Influence.— Wit-
nesses Signing at Request of Attorney.*—Where the jury are first instructed
that if the testator was of unsound mind, when the will was executed,
or if the will was unduly executed, or if obtained by undue influence,
fraud or duress, the contestants of the will would be entitled to have it
set aside, it is not error to instruct the jury (1) that if the testator was
of sound mind when the will was made, though afterwards insane, their
verdict should be for the upholding of the will, and (2) that a request
by the attorney, who prepared the will by the direction of the testator
who signed it, made in the hearing of the testator, that the witnesses
should sign it, is the request of the testator.

INSTRUCTIONS TO JURY.—*To be Considered as a Whole.*—Where instructions,
considered as a whole, state the law correctly, they will be upheld,
though some particular instruction in the series, when considered by
itself, may seem too broad or too narrow.

From the Allen Circuit Court.

*L. M. Ninde, P. A. Randall* and *W. J. Vesey,* for appellant.
*W. P. Breen,* for appellees.

COFFEY, J.—This was a suit by the appellant against the
appellees, to contest and set aside the will of Anthony Gal-
lagher. The complaint alleges:

*First.* That at the time of the execution of the will the
testator was a person of unsound mind, and incapable of
executing a will.

*Second.* That the will was procured through fraud, coer-
cion and undue influence.

A trial of the cause before a jury resulted in a verdict for
appellees. In addition to the general verdict the jury, in
answer to interrogatories, found that the will was executed
without any fraud, coercion or undue influence, and that at
the time of its execution the testator was a person of sound
mind.

The only question involved in this appeal relates to the propriety of the ruling of the circuit court in refusing to grant the appellant a new trial.

It is earnestly insisted by the appellant that the circuit court erred in its instructions to the jury. The instructions are quite lengthy, covering many pages of the record, but we need give attention to those only to which specific objections are made. In the fifth instruction asked by the appellees, and given to the jury, the court said: "It is proper for the jury to consider any statement which may have been made by the testator before the making of his will, in reference to what he intended to do with his property. If you should find from the evidence that when he was in good health he stated his intention of disposing of his property substantially as it is disposed of in the will, this is an important fact to be considered by you in determining the validity of the will and as tending to its support."

The sixth instruction in the case of *Bundy* v. *McKnight*, 48 Ind. 502, is substantially the same as the instruction now before us. The same instruction was repeated in the case of *Lamb* v. *Lamb*, 105 Ind. 456. In each of these cases the instruction was held to be a correct exposition of the law as applied to the issue of unsoundness of mind. It is equally well settled, however, that such declarations can not be considered in connection with the issue of undue influence. *Hayes* v. *West*, 37 Ind. 21; *Todd* v. *Fenton*, 66 Ind. 25; *Vanvalkenberg* v. *Vanvalkenberg*, 90 Ind. 433. Indeed, it is not denied by the appellant that this instruction correctly expresses the law as applicable to the issue of insanity, but the contention is that the instruction is so worded as to lead the jury to the conclusion that the rule, as thereby announced, was applicable, also, to the issue of undue influence.

Instructions are not to be considered in detached portions, but must be considered as a whole, and when so considered, if they state the law correctly, they will be upheld, though some particular instruction in the series, when considered by

itself, may seem to be too broad or too narrow. As said of the instruction in the case of *Bundy* v. *McKnight, supra,* so in this case, the instruction must be considered in connection with the other instructions in the cause.

The instruction in controversy is found in a series of instructions upon the subject of insanity. The third instruction is as follows:

"A man of sound mind has a full right to dispose of his property as he pleases. Courts or juries have no power to supervise the making of wills by sound-minded men.. We have no power to say what kind of wills men shall make; we have no power to set aside wills because they are not as they should be, nor because they are not such wills as we should have made. Men have the same right and power to dispose of their property by will as by deed."

The fourth instruction is, also, upon the subject of unsoundness of mind.

The sixth instruction is as follows:

"To make a valid will a man need not be in the full possession of his reasoning faculties, nor in the possession of an unimpaired memory. A large number of wills are made where the testator is on his death bed, and when his mind and body are more or less affected by disease and suffering, nevertheless, a man prostrated by disease or enfeebled by age is capable of making a will, if at the time he has mind sufficient to know and understand the business he is about and in which he is engaged."

Preceded by the first and followed by the second instruction above set out, and found in a series of instructions upon the subject of unsoundness of mind, there is no reason to believe that the jury was misled by the instruction now under consideration. They doubtless understood it as applying to the subject upon which they were receiving instructions at the time it was given. *Bundy* v. *McKnight, supra.*

The fourth and eleventh instructions given to the jury were as follows:

" 4. A sound-minded person has an unquestionable right to wholly ignore and disinherit his sisters, although they be old and poor, by willing his property to others. The fact that the will gives more to nieces and nephews than to sisters of the testator, alone, is no proof of his unsoundness of mind.

" 11. The fact that a testator disinherits an old, indigent and needy sister, in part, is not of itself any proof of unsoundness of mind."

It has often been held by this court, and, indeed, the principle is elementary, that where a testator makes a will, which is unnatural in its provisions, such unnatural provisions may be considered in connection with the other evidence in the cause as bearing on the question of the insanity of the testator at the time of the execution of the will. In the instructions given in this case, on behalf of the appellant, this principle was fully and clearly stated to the jury. In view of this fact, we can not say that the court committed an error for which the judgment should be reversed, by saying to the jury that the fact, standing alone, that the testator preferred his nephews and nieces to his sister did not furnish any evidence of his insanity. He was under no obligation to make provision for either, and we can not perceive how the fact that he gave part of his property to the one and part to the other, though in unequal proportions, when wholly disconnected from any other fact, could be regarded as evidence of insanity. If the jury had returned a verdict for appellant, with no other evidence in the cause than the will itself, the court would have set aside such verdict at once as not supported by the evidence.

The thirteenth and fourteenth instructions, given on behalf of the appellees, were as follows :

" 13. If the deceased, Anthony Gallagher, was of sound mind when the will in issue was made, although afterwards he may have become delirious or of unsound mind, your verdict should be for the upholding of the will.

" 14. When· a person expresses a wish to make a will,

directs it to be prepared, and, this having been done, signs it, a request by the attorney who prepared it, made in the hearing of the testator, that persons should witness it, is the request of the testator."

It is objected to these instructions that they virtually told the jury to find a verdict for the appellee, in the event they found the testator of sound mind at the time of the execution of the will, without regard to the other issues in the cause.

As we have said, instructions are not to be construed in detached portions, but must be construed as a whole. In the first instruction given to the jury, at the request of the appellant, the court said to the jury: "If the testator was of unsound mind at the time the will was executed, the plaintiff would be entitled to have it set aside; or if said will was unduly executed, the plaintiff would be entitled to have it set aside; or if it was obtained by undue influence or fraud, the plaintiff would be entitled to have it set aside; or if it was obtained by duress, the plaintiff would be entitled to have it set aside."

We do not think the jury were authorized to infer from instructions thirteen and fourteen, in view of what was said to them in instruction number one, given at the request of the appellant, that they should find a verdict for the appellee in the event they found the testator sane at the time he executed his will, without regard to the other issues in the case.

There is nothing in the record to indicate that the parties did not have a fair trial of this cause in the circuit court. The instructions, when construed together, fairly state the law applicable to the case as made by the evidence. The jury in answer to special interrogatories negative all the material charges in the complaint. It is not urged that the verdict and finding of the jury are not supported by the evidence. We find no error in the record.

Judgment affirmed.

Filed Feb. 25, 1890.