## MILLER v. RAYBURN.

[No. 9,442. Filed December 7, 1917. Rehearing denied March 1, 1918. Transfer denied May 3, 1918.]

1. APPEAL.—Review.—Evidence.—Sufficiency.—Conflicting Evidence.—Although the evidence is conflicting, the court on appeal will not disturb the jury's verdict where there is some evidence to sustain it. p. 566.

2. APPEAL.—Review.—Harmless Error.—Duplicating Instructions.—Although the repetition of the same proposition in a number of instructions is not good practice, it will not constitute reversible error, where such instructions were not erroneous and there was nothing in the instructions or in the record to show that appellant was harmed, since it cannot be presumed in such case that the instructions were harmful. p. 566.

3. TRIAL.—Instructions.—Consideration of Evidence.—In an action for damages for assault and rape, an instruction calling attention to matters collateral to the main issue upon which evidence had been offered, and stating that such evidence would be

considered only in determining whether defendant committed the alleged assault and rape, was favorable to defendant, and was not objectionable as singling out certain phases of the evidence. p. 567.

From Greene Circuit Court; *Theodore E. Slinkard,* Judge.

Action by Jennie Rayburn against William A. Miller. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harry R. Lewis, W. H. Hill* and *Webster V. Moffett,* for appellant.

*Wade & Padgett,* for appellee.

FELT, J.—This is an action by appellee, Jennie Rayburn, against appellant for damages for an alleged assault and rape. The complaint in one paragraph was answered by a general denial. A trial by jury resulted in a verdict for $2,500. Appellant's motion for a new trial was overruled, judgment was rendered on the verdict, and an appeal prayed and granted.

The error assigned and relied on for reversal is the overruling of appellant's motion for a new trial. A new trial was asked on the ground that the verdict is not sustained by sufficient evidence, that it is contrary to law, and error in the giving and the refusal of certain instructions. The main contention as to the evidence is that appellee's account of the several alleged assaults is unreasonable and unbelievable because of inconsistencies and alleged impossibilities.

The evidence is long and there is no necessity for setting it out in this opinion. Appellee testified to a number of assaults and attempts on the part of appellant to have sexual intercourse with her; that he took hold of her person and clothing, exposed his person in a lascivious way, and on one occasion threw

her down and accomplished his purpose without her consent and against her will; that her foot caught in some sacks on the floor of the chicken house where she was assaulted, and appellant pushed her over or threw her down; that she struggled and resisted him as much as she could under the circumstances, but without avail. Appellant's testimony was in substance a denial of practically everything sworn to by appellee that in any way related to the issues of the case.

The question was one of credibility. The jury saw the parties, heard the testimony and decided in appellee's favor. The alleged inconsistencies do not take the case out of the well-established rule of this court that where the evidence is conflicting and there is some evidence to sustain the verdict, the court on appeal will not disturb the finding of the jury. There is some evidence tending to sustain every material averment of the complaint. *Rahke* v. *State* (1907), 168 Ind. 615, 622, 623, 81 N. E. 584; *McGlone* v. *Hauger* (1913), 56 Ind. App. 243, 104 N. E. 116.

Appellant complains of the action of the court in giving a number of instructions tendered by appellee which it asserts were verbatim copies of the essential portions of instructions given by the court of its own motion. The court did in effect duplicate several instructions on the same subject by giving its own instructions and also those tendered by the parties.

The instructions complained of in substance state the issues to be tried, that the suit was a civil action and that the material averments need only be proved by a preponderance of the evidence to warrant a recovery, the character of the assault and battery

involved in the suit, the extent and character of resistance of appellee to be proved, to characterize the assault as a rape or attempted rape, the substance of the issues that must be proved to warrant a recovery, the measure of damages if the jury found for the plaintiff and some kindred questions.

The repetition of the same proposition to the extent shown in this case cannot be commended as good practice, but there is no indication that appellant was in any sense injured by the instructions so given. It is not claimed that these instructions were erroneous, and therefore we cannot presume that appellant was harmed by them as in cases of erroneous instructions upon a material proposition in the case.

The mere assertion that appellant was harmed by such repetitions is not sufficient to show harmful error where there is nothing in the instructions or in the record to show that appellant was harmed. *Miller* v. *Coulter* (1900), 156 Ind. 290, 298, 59 N. E. 853; *White* v. *State* (1899), 153 Ind. 689, 692, 54 N. E. 763.

It is asserted that instruction No. 5 given by the court of its own motion is erroneous because it calls attention to certain phases of the evidence and does not refer to all the evidence; that the court states the inferences to be drawn from such evidence.

The court in the instruction calls attention to certain matters collateral to the main issue upon which evidence had been offered and told the jury

3. that such evidence was to be considered to aid it in "determining the main facts in the case, namely, whether the defendant committed the assault and battery and rape as alleged in the complaint." There is no basis for the contention that the court drew and stated any inferential fact in the instruc-

tion, nor does the instruction fairly construed belong to that class of instructions which single out certain phases of the evidence and emphasize it to the exclusion of other portions of the evidence. The effect of the instruction, if any, was favorable to appellant for it called attention to the fact that such evidence could only be considered to the extent, if at all, that it aided the jury in determining the main issuable facts of the case.

We find no reversible error in the giving of any instruction, or in the refusal to give any instruction tendered by appellant and refused by the court.

The instructions given, though subject to criticism for unnecessary repetition of certain statements, nevertheless state the law fairly and accurately, under the issues and the evidence.

No reversible error is shown.    Judgment affirmed.

NOTE.—Reported in 117 N. E. 879.