GEHRING *v.* OHM.

[No. 13,744.   Filed November 15, 1929.]

*Ira M. Holmes* and *Jackson & Hinchman,* for appellant.

*Samuel J. Offutt* and *Merle N. A. Walker,* for appellee.

NEAL, J.—Appellee, plaintiff below, commenced this action in the Marion Superior Court. Her complaint alleged an assault and battery by appellant, defendant below, and demanded damages in the sum of $5,000. Appellant answered by general denial and thereafter filed an affidavit for change of venue from the county. The cause was then venued to Hancock county. On May 31, 1928, the same being the 34th judicial day of the April term of the court, and being the day the cause was set for trial, appellee was present in court, in person and by attorney, the appellant absent, and the cause was submitted to the court for trial. The court heard evidence and took the matter under advisement. On June 9, 1928, appellant appeared in court by counsel and filed her verified motion to withdraw the "case from submission to the court for trial and judgment." Eleven days later, appellee filed a counter-affidavit. The court two days later overruled the motion of appellant to withdraw the submission of the cause, gave appellant an exception, and rendered judgment in favor of appellee in the sum of $1,000. Appellant filed her motion for a new trial and presented the following causes, to wit: (1) That the finding or decision of the court is contrary to law; (2) that the finding or decision of the court is not sustained by sufficient evidence; and (3) that the court erred in overruling plaintiff's verified petition to set aside the submission of the cause and grant plaintiff further hearing.

Appellant has assigned the following errors on appeal: (1) The court erred in overruling appellant's motion to

set aside submission; and (2) the court erred in overruling appellant's motion for a new trial.

The ruling of the court in the motion to set aside the submission is, in our judgment, not ground for an independent assignment of error on appeal. *Chicago, etc., R. Co.* v. *Fifth Nat. Bank* (1901), 26 Ind. App. 600, 59 N. E. 43, and authorities cited.

The causes presented in the motion for a new trial: (1) That the finding or decision is not sustained by sufficient evidence; and (2) that the finding or decision is contrary to law, cannot be considered because the record does not contain the evidence. 2 Watson's Rev. Works' Practice 2001, and note, with authorities cited.

Although appellant, in her motion for a new trial, in presenting the cause or reason to set aside the submission, inadvertently used the word "plaintiff" when she should have used the word "defendant," we will proceed to consider the cause and disregard the technical error.

Appellant, in her verified motion to set aside the submission, alleges, in substance: That she is the defendant in the cause of action wherein Anna Ohm is plaintiff; that she is married and her husband's name is Scott; that they reside in the city of Indianapolis; that, when the case reached the Hancock Circuit Court, it remained there a long time and that the case was set for trial on May 31, 1928; that Scott Gehring, husband of the defendant, was keeping his wife Caroline advised of the hearing of the cause of action; that he was a traveling man and absent from home a great deal and that he failed to advise his wife that the cause of action was set for trial, "until just a few days before said cause was to be heard and that, thereupon, they both got in touch with and consulted their attorneys, who, because of certain conditions existing, would not proceed further be-

cause certain conditions were not met by the defendant and her husband"; that defendant and her husband then attempted to employ the law firm of Jackson and Hinchman of Greenfield, who refused to accept employment because they were not acquainted with the facts of the case, and, on the day of the trial of the case, again renewed their request to Jackson and Hinchman, who again refused, for the same reason, but indicated they would represent defendant if a continuance could be secured from the judge; that she was not acquainted with legal procedure and depended upon her husband; that she did employ the law firm of Jackson and Hinchman to file and present the motion to set aside the submission; that she has a good and meritorious defense; that "she was justified in the act of assault and battery, if any, committed upon the plaintiff; that she prays the court that the submission of said cause had on May 31 be set aside and held for naught, and that said cause be reset and tried and that defendant, Caroline Gehring, be given an opportunity to present her defense, as herein set out."

A counter-affidavit, sworn to by Arthur J. Iles, one of the attorneys for appellee, is, in substance, as follows: That he is well informed about all the facts with reference to matters set out in defendant's motion to withdraw the submission from the court; that the litigation had been pending a long time; that defendant has been dilatory at all times in all matters connected with the cause of action; that two weeks prior to the day the case was set for trial the affiant conferred with Mr. Kealing of the law firm of Robinson, Symmes and Melson, and was informed that they would not represent the defendant further in said cause for the reason they had not been paid for their services; that they did not believe defendant had a meritorious defense and that "they thought best to withdraw and that they had so informed

defendant and her husband"; that "the local attorney for the defendant, Mr. Jackson, in open court, at the time of the submission and trial stated that he had by letter notified the foregoing attorneys, Robinson, Symmes and Melson, of the date of such trial and had himself been directly in communication with the defendant's husband."

In this case, appellant had knowledge that her case was set for trial and the day the same would be heard by the court. She did not present to the court, on the day the cause was to be heard or prior thereto, an application for a continuance. The court heard the evidence and took the matter under advisement. Nine days thereafter, appellant appeared in court, and by her verified motion sought to have the court set aside the submission. It has been repeatedly held by the Supreme and Appellate Courts that the hearing, or refusal to hear, additional evidence, after the issues are closed, and the evidence heard, is within the sound discretion of the court which, unless abused, will not be disturbed by an appellate tribunal. *Noblesville Gas, etc., Co.* v. *Teter* (1891), 1 Ind. App. 322, 27 N. E. 635; *Chicago, etc., R. Co.* v. *Fifth Nat. Bank, supra; Stipp* v. *Claman, Treasurer* (1890), 123 Ind. 532, 24 N. E. 131, Ann. Cas. 1913C 1011.

The appellant, by her motion, however, prayed that the court do much more than hear additional evidence. She sought to have "the submission set aside and held for naught and that said cause be reset and tried and that the defendant Caroline Gehring be given an opportunity to present her defense as herein set out, and all other defenses to which she is properly entitled." The relief prayed for was entirely too broad. If appellant had asked leave of court to introduce evidence to establish her defense, the court no doubt would have granted her request. The court certainly was not

called upon to set aside the submission and thus give to appellant the right to file several motions, for instance, a change from the judge, trial by jury, etc.

The court did not err in overruling appellant's motion to set aside the submission.

Judgment affirmed.