MACKEY *v.* NIEMEYER.

[No. 16,888. Filed November 10, 1942. Rehearing denied December 22, 1942. Transfer denied February 15, 1943.]

*McFaddin & McFaddin,* of Rockville, *Cooper, Royse, Gambill & Crawford,* and *Beasley, O'Brien, Lewis & Beasley,* all of Terre Haute *(Fenton, Steers, Beasley & Klee,* of Indianapolis, of counsel), for appellant.

*James Hanner* and *Warren Buchanan,* both of Rockville, *Harvey Fisher,* of Brazil, and *Ernest M. Wright* and *Aikman, Miller & Causey,* all of Terre Haute, for appellee.

DeVoss, J.—This is an appeal from a judgment of the Parke Circuit Court rendered for appellee, Juanita Moore Niemeyer, defendant in the trial court, against Henry Mackey, plaintiff (appellant), on her counterclaim for personal injuries received in an automobile accident. The cause was submitted to a jury for trial and the jury found for appellee on her counterclaim. A motion for new trial was filed and overruled by the court. The error assigned in this court for reversal is the overruling of the motion for a new trial. The specific ground of the motion for a new trial, the overruling of which is relied upon for a reversal, is the giving of counterclaimant's instruction No. 2 and that is the only question presented on this appeal.

The ultimate conclusion of this court renders it unnecessary to review the instruction complained of.

It is contended by appellee that no question is presented for review in this court for the reason that appellee failed to conform to Rule 1-7 of the Supreme Court effective September 2, 1940. Said Rule 1-7 reads as follows: "INSTRUCTIONS. Where instructions are tendered, the court shall indicate thereon in advance of the argument the instructions that are to be given

and the instructions refused. After the court has indicated the instructions to be given, each party shall have a reasonable opportunity to examine such instructions and to state his specific objections to each, out of the presence of the jury and before argument, or specific written objections to each instruction may be submitted to the court before argument. No error with respect to the giving of instructions shall be available as a cause for new trial or on appeal, except upon the specific objections made as above required."

Appellant's objection to the giving of said instruction No. 2 is as follows: "The plaintiff objects to the giving of counterclaimant's instruction No. 2 for the following reasons: (1) That said instruction is an erroneous statement of the law. (2) That said instruction is misleading." The appellee contends that these objections are not specific objections as contemplated in said Rule 1-7 and, therefore, no question is saved nor presented to this court on appeal. We agree with this conclusion. The objections stated are too general. The object of this rule is for the correction of errors then and there appearing in the instruction and it is the duty of counsel when a judicial error is apparent to him or what he deems an error in the conduct of the court, he shall call the judge's attention to it so that the same may be corrected at that time and not necessitate the delay and expense of an appeal to this court. The same basic reasons that exist for the making of a specific objection to the introduction of evidence applies also to the giving of instructions.

In the case of *Swain* v. *Swain* (1893), 134 Ind. 596, 598, 33 N. E. 792, our Supreme Court stated that "Unless the objection to offered evidence be sufficiently specific to enlighten the trial court, and enable it to

pass upon the sufficiency of such objection, and to observe the alleged harmful bearing of such evidence, from the standpoint of the objector, no question can be presented thereon in this court."

Trial courts should be given by counsel all the information on the question so that the errors complained of may be avoided and delay and expense of litigants be spared.

In the case of *Spiker* v. *City of Ottumwa* (1922), 193 Iowa 844, 850, 186 N. W. 465, wherein like matters as involved in this appeal were presented to the Supreme Court of Iowa for determination, that court said, "The Appellant preserved many exceptions to the giving of instructions and refusal of requests. As to instructions given, the assignment of error is simply that the court erred in that the instruction 'was not a correct statement of the law'; while as to requests refused, it is said the court erred in its refusal inasmuch as the requested instruction 'was a correct statement of the law.' This, it seems hardly necessary to say, is entirely too general and indefinite to entitle appellant to a review thereof on appeal. Section 3705a, Code Supplement, 1913. The exception or assignment in each case is, in effect, a mere assertion that 'the court is mistaken,' without the slightest intimation of the nature or substance of the particular error into which it is thought the court has fallen."

In the case of *Werth* v. *Davidson* (1931), 59 S. D. 300, 305, Supreme Court of South Dakota reported in 239 N. W., page 751, wherein objections to instructions were considered, that court said, "The appellants objected to the giving of instructions requested by the plaintiff on the ground that the proposed instructions did not properly state the law, and the overruling of the objection and the giving of the instructions are assigned as error. Such an exception, wherein the

attention of the court is not directed to any specific defect, is insufficient. . . ."

The objections stated in the tendered instruction in the instant case do not disclose in any particle wherein the instruction was alleged to be incorrect and gave the trial court no opportunity to correct the error by amplifying or explaining the objectionable matter.

In the case of *Powell* v. *Young* (1928), 151 Va. 985, 996, 144 S. E. 624, wherein a rule of court was involved requiring that objections to instructions state with reasonable certainty the ground of such objection, the objection was made that the instruction did not correctly state the law, was misleading and inappropriate. In passing upon the question, that court used the following language: "To say that an instruction is misleading and inappropriate upon the evidence, and does not correctly state the law applicable thereto, is too general to be of any assistance to the trial court and is a plain violation of the letter and spirit of Rule 22."

We are of the opinion that no error as to the giving of this instruction has been properly presented to this court and for that reason the judgment of the trial court is affirmed.

NOTE.—Reported in 44 N. E. (2d) 520.