POWELL v. ELLIS ET AL.

[No. 18,181. Filed April 23, 1952. Rehearing denied June 14, 1952. Transfer denied October 28, 1952.]

702

*McClure, Shenk & Ellis,* of Kokomo; *Kiplinger & Kiplinger,* of Rushville; *Joseph T. Ives,* of Delphi; *Owen S. Boling,* of Indianapolis, for appellant.

*John E. Fell, John G. Life; Fell, Life & Le Van,* of Kokomo; and *A. D. Bishop,* of Flora, for appellees.

MARTIN, J.—This is an appeal from a judgment in an action brought by the appellant to contest the will of Flora B. Powell, deceased. There was a trial by a jury which resulted in a verdict for the appellees and judgment was rendered thereon that the appellant, plaintiff below, take nothing and that the appellees, defendants below, recover costs.

The errors assigned and relied on for reversal are: (1) The court erred in overruling appellant's motion for a new trial, and (2) the court erred in overruling appellant's motion to withdraw submission and discharge the jury.

The grounds set forth in the motion for a new trial are:

"(1) The verdict of the jury is not sustained by sufficient evidence.

"(2) The verdict of the jury is contrary to law.

"(3) . . . .

"(4) Misconduct of the prevailing parties in this, to-wit: the defendants were guilty of misconduct during the trial of said cause in this: That defendants' counsel with wilful intent to prejudice the jury against plaintiff, and his cause of action, exhibited a purported legal record before the jury and by statements supposedly suggested to him by what appeared thereon deliberately attempted to convey to the jury the fact that plaintiff had been convicted of a charge of adultery, when in truth and in fact no such conviction existed, and such fact of no conviction was will (well) known to defendants' counsel; all to the incalculable prejudice of the plaintiff. That said misconduct was timely called to the attention of the court, and that the court erred in denying plaintiff's motion, timely made, to withdraw the submission of said cause and discharge the jury, immediately following such misconduct; and that the effect of such misconduct was not erased by the instruction of the court to the jury with reference thereto.

"(5) Error of law occurring at the trial and excepted to in this:

"a. The court erred in denying plaintiff's motion timely made, to withdraw the submission of said cause and discharge the jury after the act of specific misconduct set forth in 4 above and incorporated in this specification by reference.

"b. . . ,

"c. . . ,

"d. . . .

"e. The court erred in giving to the jury defendants' tendered and requested instruction number 6, to which instruction plaintiff objected, in writing, at the time provided for such action.

"f. The court erred in giving to the jury defendants' tendered and requested instruction number 11, to which instruction plaintiff objected, in writing, at the time provided for such action.

"g. The court erred in giving to the jury defendants' tendered and requested instruction number 13, to which instruction plaintiff objected, in writing, at the time provided for such action."

There was a motion to withdraw submission and discharge the jury. The ruling of the court on the motion to set aside the submission is not ground for an independent assignment of error on appeal. *Gehring* v. *Ohm* (1929), 90 Ind. App. 300, 302, 168 N. E. 613; *Chicago, etc., R. Co.* v. *Fifth Nat. Bank* (1901), 26 Ind. App. 600, 59 N. E. 43.

The first specification in appellant's motion for a new trial presents no question, since a negative decision may not be attacked upon the ground that there is a lack of evidence to sustain it, *Wadler* v. *Mogul Rubber Corporation* (1945), 116 Ind. App. 152, 61 N. E. 2d 472, *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *McKee* v. *Mut. Life Ins. Co. of N. Y.* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Department of Insurance, etc.* v. *Indiana Trav. Assur. Co.* (1945), 115 Ind. App. 285, 58 N. E. 2d 761, and, the appellant may properly assert under the second, that by the decision of the trial court he was denied the relief to which the evidence entitled him. *Wilson, Admx.* v. *Rollings, supra.*

The fourth specification, and paragraph "a" of specification five in said motion for a new trial, present

no question, since the motion to set aside the submission did not state reasons why the harm done could not be cured by any action the court might take in the matter. *Richmond Insurance Co.* v. *Boetticher* (1938), 105 Ind. App. 558, 12 N. E. 2d 1005.

In the case of *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629, the court quoted the following with approval, showing the two methods of procedure open to appellant if he would reserve any question for review:

> "This court in *Ramseyer* v. *Dennis* (1917), 187 Ind. 420, 440, 116 N. E. 417, 119 N. E. 716, laid down the procedure which must be followed if appellants were to reserve any question for review. They were required: '(1) To promptly interpose and state their objection, if reasonably required, to the objectionable language or argument, and request the court to so instruct the jury as to counteract any harmful effect of such language or argument, and if granted, and such instruction was not sufficient to cure the error, follow such action by a motion to have the submission set aside; (2) to promptly object to the improper language or argument of counsel, and move to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter. . . .' See also *Kern* v. *Bridwell* (1889), 119 Ind. 226, 21 N. E. 664, 12 Am. St. 409; *Staser* v. *Hogan* (1889), 120 Ind. 207, 222, 21 N. E. 911, 22 N. E. 990; *Dehler* v. *State ex rel. Bierck* (1899), 22 Ind. App. 383, 53 N. E. 850."

As is shown by the special bill of exceptions, after the objection was raised to the right of appellees' counsel to cross-examine appellant with regard to the subject of the adultery conviction, and motion was made to withdraw the submission, the trial court, after denying such motion and after the return of the jury, addressed the jury as follows:

"Court: 'Ladies and Gentlemen of the jury, you are instructed that there is no evidence on the subject of an adultery action about which the witness Bernard Powell, was interrogated before your recess and that you should disregard any and all questions and answers on that subject. You are further instructed that if there are any inferences whatever to be gathered from the introduction of this subject into this case, that they are to be by you resolved in favor of the witness, Bernard Powell, and against counsel who has questioned him in regard to such subject matter. You may proceed.'"

It must be noted that thereafter the point was never raised again, appellees' counsel properly submitting to the trial court's ruling.

When a court attempts to correct the alleged misconduct of counsel as herein complained of, by instructions, which, if given to effect the purpose, and it must be so accepted, then a jury of ordinary intelligence would be presumed to ignore such conduct and remarks and obey the court's direction. Under the circumstances, it must be held that any error arising out of the incident has been cured. *N. Y. C. R. R. Co.* v. *DeLeury* (1935), 100 Ind. App. 140, 192 N. E. 125, *Pennsylvania Ice & Coal Co.* v. *Elischer* (1939), 106 Ind. App. 613, 21 N. E. 2d 436.

Appellant objected to the defendants' instruction number 6, given by the court, said objections being as follows:

"(1) That the instruction is covered by other instructions given by the court.

"(2) That the phrase 'without legal cause' in said instruction carries with it the inference that the plaintiff in this cause is without legal cause or standing to rightfully contest the will in question.

"(3) That said instruction is not a correct statement of the law for the reason that it eliminates

the necessity for a donor or testator to comply with legal requirements in disposing of his property either by gift or will."

The first objection is not urged here. Duplication of instructions is not reversible error where there is nothing in the instructions or in the record to show that appellant was harmed. *Miller* v. *Rayburn* (1918), 67 Ind. App. 564, 566, 117 N. E. 879.

The objection is that the instruction carries an inference that the plaintiff is without legal cause or standing to contest the will. Plaintiff's instruction number 10, and given by the court, clearly covered appellant's right or standing to maintain the action and the jury could not have been misled by some vague inference to be gleaned from defendants' instruction number 6. That the instruction omits the definition of the legal requirements is immaterial, since the instruction clearly states that the rights of disposition mentioned arise only by "valid gift or will." The trial court does not have to put all the law in one instruction, and the only possible objection would be on the grounds of incompleteness. That, however, raises no question of reversible error. *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 327, 130 N. E. 541. If appellant felt the jury might be misled by the omission, he should have tendered an instruction of his own on the point. *Vandalia Coal Co.* v. *Coakley* (1916), 184 Ind. 661, 666, 667, 111 N. E. 426; *Valparaiso Lighting Co.* v. *Tyler* (1912), 177 Ind. 278, 284, 96 N. E. 768.

We hold that defendants' instruction number 6 was proper and cannot be held erroneous.

Appellant made three objections to defendants' instruction number 11, which was given by the court, said objections reading as follows:

"(a) That it is misleading.

"(b) That it infers a person of unsound mind must be a lunatic, idiot, non compos, monomaniac or distracted person; and

"(c) It sets a standard of testamentary capacity other and different than that heretofore and hereafter defined in the instructions."

The objection that the instruction is misleading is too indefinite to present any question. Supreme Court Rule 1-7; *Mackey* v. *Niemeyer* (1943), 113 Ind. App. 10, 44 N. E. 2d 520; *Indianapolis Railways* v. *Williams* (1945), 115 Ind. App. 383, 59 N. E. 2d 586. The third objection is only that the instruction sets up a different standard of testamentary capacity than that in other instructions. There is no objection that the standard set up is wrong; there is no pointing out of any element claimed to be missing. Clearly, such an objection does not present any question as to whether testamentary capacity is correctly defined in the instruction. The second objection will be considered on the merits.

Practically the same instruction was approved by this court in *Jewett* v. *Farlow* (1928), 88 Ind. App. 301, 157 N. E. 458, 158 N. E. 489. This court said:

". . . The court, in its instructions 8 and 9, fully and correctly instructed the jury as to the requirements and mental capacity which a person must possess in order to render him capable of making a will. These instructions follow the law as announced many times by the Supreme Court. They are good models to follow and for that reason we set them out in full.

"Instruction 8. 'A statute of this state provides that the words 'person of unsound mind' shall include any lunatic, idiot, non compos, monomaniac, or distracted person. However, it is not every degree of mental unsoundness which renders a person incapable of making a valid will. A person

may be of unsound mind in respect to some particular subject or matters that do not relate to the disposition of his property, and yet, if he has sufficient mind to enable him to know and understand the extent and value of his property, the number and names of those who are the natural objects of his bounty, their situations and conditions, and their deserts with reference to their conduct towards him and their treatment of him, and he is able to keep these things in his mind long enough to form a rational judgment in relation to them, and to have his will prepared and executed and to understand the nature of the business in which he is engaged, he is capable of making a valid will. If he has sufficient mental capacity to meet the above requirements, he is capable of making a valid will, though his mind be weak and he be illiterate.' "

The above instruction is identical with defendants' instruction number 11 in dealing with the statutory definition of "person of unsound mind." The objection that such an instruction is bad in that it infers that a person of unsound mind must be a lunatic, etc., has already been held untenable by this court in *Curnick* v. *Torbert* (1935), 101 Ind. App. 113, 194 N. E. 771.

In *Wiley* v. *Gordon* (1914), 181 Ind. 252, 104 N. E. 500, the court said:

". . . It appears from the authorities above cited, and many which might be added, that this standard which measures mental testamentary competency is satisfied when it is made to appear that, at the time of the making of the will or codicil, the testator was in possession of sufficient strength of mind and memory to enable him to know the extent and value of his property, the number and names of those who were the natural objects of his bounty, their deserts with reference to their conduct toward and treatment of him, and to carry these things in mind long enough to have his will prepared and executed."

This court has approved that statement in *Potter* v. *Emery* (1940), 107 Ind. App. 628, 26 N. E. 2d 554.

The appellant contends that instruction number 11, given at appellees' request, resulted in a conflict with instruction number 5 as to the requisite elements for testamentary capacity. We are of the opinion that said instructions are not in conflict. Instructions are not to be construed in detached portions, but must be construed as a whole, and when so considered, if they state the law correctly, they will be upheld, though some particular instruction in the series, when considered by itself, may seem too broad or too narrow. *Conway* v. *Vizzard* (1889), 122 Ind. 266, 23 N. E. 771.

We hold that the defendants' instruction number 11 was proper and cannot be held erroneous.

The appellant contends that the giving of defendants' instruction number 13 was reversible error. Appellant also contends that this instruction states an improper standard of testamentary capacity or unsoundness of mind, but obviously it does not purport to set any such standard. It merely points out that certain matters do not necessarily establish unsoundness of mind.

One of the objections made to this instruction is that it invades the province of the jury by limiting and excluding matters necessary and relevant to the determination of testamentary capacity. The instruction does not purport to define or state every matter that might be considered on that issue. It merely points out that certain matters do not necessarily establish unsoundness of mind. The jury was fully instructed on the issue of testamentary capacity by plaintiff's instructions 11 to 16, inclusive, and defendants' instructions 5, 7, 9, 11, 13, 14, 16, 20, 24 and 25. The court was not required to put all the law in one instruction

or to cover in one instruction every possible matter bearing on the subject. Defendants' instruction number 13 is not peremptory in form and is not subject to the objection made.

The objection that this instruction is not a correct statement of the law is too general to present any question. Supreme Court Rule 1-7, *Mackey* v. *Niemeyer, supra.*

Another objection presented is that this instruction does not tell the jury that they may consider the unfairness, etc., on the question of testamentary capacity. The latter point was fully covered in plaintiff's instruction number 13, which was given. Under these circumstances there can be no error in not covering the same ground in the attacked instruction. *Conway* v. *Vizzard, supra.* Since the only basis of this objection is incompleteness, there could be no reversible error in giving the instruction since it correctly states the law as far as it goes. *City of Linton* v. *Jones, supra.*

The appellant contends that the verdict is contrary to law and relies on a few isolated facts which he claims are not contradicted and require a verdict in his favor as a matter of law. Appellant mentions the admitted value of the estate as one such fact. The fact is admitted in the pleadings, but just what bearing the 1949 value of Mrs. Powell's estate has on whether or not she was of sound mind on October 7, 1927, when her will was executed is certainly not clear.

Again, the provisions of the will are mentioned. They are undisputed, but the fact that the distribution made therein is unequal certainly does not establish lack of testamentary capacity, undue influence or any other defect in the will as a matter of law.

We are of the opinion that the verdict was not contrary to law.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 105 N. E. 2d 348.